**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| NERAD GRACE MANGAI, Decedent, | ) | |
| by her Parent, JAMES MANGAI, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:18-CV-56-TLS-PRC |
| | ) | |
| DEANGELO R. EVANS, et al., | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court sua sponte. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendant GEICO Casualty Company ("GEICO") invoked this Court's subject matter jurisdiction via federal question jurisdiction by removing this litigation to federal court. As the party seeking federal jurisdiction, GEICO has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

The Complaint brings three Counts against the Defendants. Count I alleges wrongful death against Defendant Deangelo R. Evans under Indiana Code sections 34-23-1-1 and 34-23-2-1. Count II alleges wrongful death against Defendant Mercedez Main under the same Indiana Code sections as Count I. Count III alleges that GEICO must pay damages under uninsured or underinsured insurance coverage, citing Indiana Code chapter 27-7-5.

In the Notice of Removal, filed on March 12, 2018, GEICO asserts that this Court has subject matter jurisdiction due to the federal question that will be raised in GEICO's "Complaint for Declaratory Judgment," which it intends to file shortly. In *Holmes Group, Inc. v. Vornado Air*

*Circulation Systems, Inc.*, the Supreme Court rejected the argument that a federal question raised in a counterclaim can serve as the basis for federal question jurisdiction. 535 U.S. 826, 830-31 (2002). Thus, GEICO's statements in the Notice of Removal regarding the Court's jurisdiction do not provide a basis on which the Court can exercise subject matter jurisdiction over this case.

Therefore, the Court hereby **ORDERS** Defendant GEICO Casualty Company to **FILE**, on or before **March 23, 2018**, a Supplemental Jurisdictional Statement that provides a basis for the Court's exercise of subject matter jurisdiction.

SO ORDERED this 14th day of March, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT